IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ALFREDO ALVAREZ, Individually and on Behalf of All Others Similarly Situated**  **PLAINTIFF**

vs.  No. 1:21-cv-143

**COLT BUILDERS CORP.**  **DEFENDANT**

### ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Alfredo Alvarez ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Colt Builders Corp. ("Defendant"), he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and all others similarly situated a proper overtime compensation for all hours that Plaintiff and all others similarly situated worked.

2. Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601,

*et seq.* ("FFCRA"), for declaratory judgment, monetary damages, and a reasonable attorney's fee and costs as a result of Defendants' unlawful termination of Plaintiff under the FFCRA.

## II.     JURISDICTION AND VENUE

3. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. Defendant conducts business within the State of Texas.

5. Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

6. Plaintiff was employed by Defendant at its facilities located in Austin.

7. The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.     THE PARTIES

8. Plaintiff is an individual and a resident of Bexar County.

9. Defendant is a foreign, for-profit corporation.

10. Defendant registered agent for service of process is Business Filings Incorporated, at 701 Brazos Street, Suite 720, Austin, Texas 78701.

11. Defendant maintains a website at https://coltbuilders.com/.

### III.     FACTUAL ALLEGATIONS

12. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

13. Defendant is a construction and commercial wood framing company.

14. Defendant has locations throughout the United States.

15. Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as tools and construction equipment.

16. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

17. At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

18. Plaintiff was employed by Defendant from November of 2019 until December of 2020 as a Site Superintendent.

19. Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

20. Defendant also employed other Site Superintendents.

21. Defendant also classified other Site Superintendents as salaried employees, exempt from the overtime requirements of the FLSA.

22. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

23. At all relevant times herein, Defendant directly hired Site Superintendents to work at its jobsites, paid them wages and benefits, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

24. As a Site Superintendent, Plaintiff was responsible for reviewing and implementing construction plans.

25. Other Site Superintendent had similar duties to Plaintiff.

26. Plaintiff and other Site Superintendents did not hire or fire any other employee.

27. Plaintiff and other Site Superintendents were not asked to provide input as to which employees should be hired or fired.

28. Plaintiff and other Site Superintendents did not exercise discretion or independent judgment as to matters of significance.

29. Plaintiff's and other Site Superintendents' primary duties were repetitive, rote or mechanical tasks which were subject to close review and management.

30. Plaintiff and other Site Superintendents sought input from their supervisors in lieu of making significant decisions on their own.

31. Plaintiff regularly worked over forty hours each week.

32. Plaintiff estimates he generally worked between sixty and seventy hours per week.

33. Upon information and belief, other Site Superintendents had similar schedules and worked a similar number of hours to Plaintiff.

34. Plaintiff and other Site Superintendents were not paid overtime wages for hours worked over forty per week.

35. At all relevant times herein, Defendant has deprived Plaintiff and other salaried Site Superintendents of overtime compensation for all of the hours worked over forty per week.

36. Plaintiff worked at jobsites in Dallas, Austin and Oklahoma, and the pay practices were the same at each of these jobsites.

37. Upon information and belief, the pay practices that violate the FLSA alleged herein were the same at all of Defendant's locations because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

38. Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

39. In early November, Plaintiff tested positive for COVID-19. Plaintiff immediately notified Defendant of his diagnosis.

40. Per Defendant's policies, CDC guidelines and the FFCRA, Plaintiff took two weeks of sick leave.

41. Plaintiff returned to work on November 25.

42. Plaintiff continued to suffer from symptoms of COVID-19 after his return to work, and was admitted to the hospital within a couple weeks of his return to work.

43. Defendant terminated Plaintiff's employment on December 7.

44. Defendant informed Plaintiff the reason his employment was terminated was because was missing too much work as a result of his COVID-19 diagnosis.

45. Defendant unlawfully terminated Plaintiff's employment because he took leave in accordance with the FFCRA.

## IV.   REPRESENTATIVE ACTION ALLEGATIONS

46. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

47. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated salaried employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

  A.   Overtime premiums for all hours worked in excess of forty per week;

  B.   Liquidated damages; and

  C.   The costs of this action, including attorney's fees.

46. Plaintiff proposes the following class under the FLSA:

**All salaried Site Superintendents who worked over forty hours in at least one week within the last three years.**

47. In conformity with the requirements of FLSA Section 16(b), Plaintiff has filed or will soon file written a Consent to Join this lawsuit.

48. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint—Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

49. The proposed FLSA collective members are similarly situated in that they share these traits:

   A. They worked more than 40 hours in some weeks;

   B. They had substantially similar job duties, requirements, and pay provisions;

   C. They were paid a salary;

   D. They were misclassified by Defendant as exempt from the overtime requirements of the FLSA; and

   E. They were subject to Defendant's common policy of failing to pay overtime wages for all hours worked over forty each week.

50. Plaintiff is unable to state the exact number of the class but believes that there are at least thirty other employees who worked as Site Superintendents and were misclassified as salaried employees.

51. Defendant can readily identify the members of the Section 16(b) class, which encompasses all salaried Site Superintendents.

52. The names and physical and mailing addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved

Notice should be provided to the FLSA collective action plaintiffs via first class mail and email to their last known physical and electronic mailing addresses as soon as possible, together with other documents and information descriptive of Plaintiff's FLSA claim.

## V.   FIRST CAUSE OF ACTION
### (Individual Claim for Violation of the FLSA)

53. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

54. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

55. At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

56. At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

57. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

58. At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

59. Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

60. Defendant's failure to pay Plaintiff all overtime wages owed was willful.

61. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VI.   SECOND CAUSE OF ACTION
### (Collective Action Claim for Violation of the FLSA)

62. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

63. Plaintiff, individually and on behalf of all others similarly situated, asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

64. At all times relevant times to this Complaint, Defendant has been, and continues to be, an "employer" of Plaintiff and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

65. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

66. At all times relevant to this Complaint, Defendant misclassified Plaintiff and all others similarly situated as exempt from the overtime requirements of the FLSA.

67. Despite the entitlement of Plaintiff and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiff and all those similarly situated an overtime rate of 1.5x their regular rates of pay for all hours worked over 40 each week.

68. Defendant willfully failed to pay overtime wages to Plaintiff and to others similarly situated.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

## VII.   THIRD CAUSE OF ACTION
### (Individual Claim for Violation of the FFCRA)

70. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

71. Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, et seq.

72. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

73. At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

74. Section 5104 of the FFCRA prohibits employers from terminating the employment of an employee who takes leave in accordance with the FFCRA.

75. Defendant terminated Plaintiff's employment because he took leave in accordance with the FFCRA.

76. Defendant knew or should have known that its practices violated the FFCRA.

77. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

78. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, reinstatement, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alfredo Alvarez, individually on behalf of all others similarly situated, respectfully prays as follows:

A. That Defendant be summoned to appear and answer this Complaint;

B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C. Certification of a collective under Section 216 of the FLSA of all individuals similarly situated, as further defined in any motion for the same;

D. Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

E. Judgment for liquidated damages pursuant to the FLSA and its related regulations;

F. Judgment for damages suffered by Plaintiff for all unpaid wages under the FFCRA and its related regulations;

G. Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

H. Reinstatement pursuant to the FFCRA and its related regulations;

I. An order directing Defendant to pay Plaintiff and all others similarly situated prejudgment interest, a reasonable attorney's fee and all costs connected with this action; and

J. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALFREDO ALVAREZ, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com