IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

**ALFREDO ALVAREZ**                                                     **PLAINTIFF**

vs.                                          No. 1:21-cv-143-RP

**COLT BUILDERS CORP.**                                          **DEFENDANT**

## FIRST AMENDED AND SUBSTITUTED COMPLAINT

COMES NOW Plaintiff Alfredo Alvarez ("Plaintiff"), by and through his attorneys Merideth Q. McEntire and Josh Sanford of the Sanford Law Firm, PLLC, and for his First Amended and Substituted Complaint ("Complaint") against Colt Builders Corp. ("Defendant"), he does hereby state and allege as follows:

### I.    PRELIMINARY STATEMENTS

1.    Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and applicable administrative rules and regulations for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff a proper overtime compensation for all hours that Plaintiff worked.

2.    Plaintiff also brings this action under the Families First Coronavirus Response Act, Division E—Emergency Paid Sick Leave Act, 29 U.S.C. § 2601, *et seq.* ("FFCRA"), for declaratory judgment, monetary damages, and a

reasonable attorney's fee and costs as a result of Defendants' unlawful termination of Plaintiff under the FFCRA.

3.      The purpose of this amended complaint is to remove collective action allegations.

## II.      JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5.      Defendant conducts business within the State of Texas.

6.      Venue lies properly within this Court under 28 U.S.C. § 1391(b)(1) and (c)(2), because the State of Texas has personal jurisdiction over Defendant, and Defendant therefore "resides" in Texas.

7.      Plaintiff was employed by Defendant at its facilities located in Austin.

8.      The acts alleged in this Complaint had their principal effect within the Austin Division of the Western District of Texas, and venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.      THE PARTIES

9.      Plaintiff is an individual and a resident of Bexar County.

10.     Defendant is a foreign, for-profit corporation.

11.     Defendant registered agent for service of process is Business Filings Incorporated, at 701 Brazos Street, Suite 720, Austin, Texas 78701.

12.     Defendant maintains a website at https://coltbuilders.com/.

## III.    FACTUAL ALLEGATIONS

13.    Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

14.    Defendant is a construction and commercial wood framing company.

15.    Defendant has locations throughout the United States.

16.    Defendant has at least two employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, such as tools and construction equipment.

17.    Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this complaint.

18.    At all relevant times herein, Defendant was an "employer" of Plaintiff within the meaning of the FLSA.

19.    Plaintiff was employed by Defendant from November of 2019 until December of 2020 as a Site Superintendent.

20.    Defendant classified Plaintiff as a salaried employee, exempt from the overtime requirements of the FLSA.

21.    At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA.

22.    At all relevant times herein, Defendant directly hired Plaintiff to work at its jobsites, paid him wages and benefits, controlled his work schedules,

duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding his employment.

23.     As a Site Superintendent, Plaintiff was responsible for reviewing and implementing construction plans.

24.     Plaintiff did not hire or fire any other employee.

25.     Plaintiff was not asked to provide input as to which employees should be hired or fired.

26.     Plaintiff did not exercise discretion or independent judgment as to matters of significance.

27.     Plaintiff's primary duties were repetitive, rote, or mechanical tasks which were subject to close review and management.

28.     Plaintiff sought input from his supervisors in lieu of making significant decisions on his own.

29.     Plaintiff regularly worked over forty hours each week.

30.     Plaintiff estimates he generally worked between sixty and seventy hours per week.

31.     Plaintiff was not paid overtime wages for hours worked over forty per week.

32.     At all relevant times herein, Defendant has deprived Plaintiff of overtime compensation for all of the hours worked over forty per week.

33.     Plaintiff worked at jobsites in Dallas and Austin, and in Oklahoma, and the pay practices were the same at each of these jobsites.

34.     Defendant knew or showed reckless disregard for whether its actions violated the FLSA.

35.     In early November 2020, Plaintiff tested positive for COVID-19. Plaintiff immediately notified Defendant of his diagnosis.

36.     Per Defendant's policies, CDC guidelines and the FFCRA, Plaintiff took two weeks of sick leave.

37.     Plaintiff returned to work on November 25, 2020.

38.     Plaintiff continued to suffer from symptoms of COVID-19 after his return to work and sought additional medical treatment within a few days of returning to work.

39.     Defendant terminated Plaintiff's employment on December 7, 2020.

40.     Defendant informed Plaintiff the reason his employment was terminated was because was missing too much work as a result of his COVID-19 diagnosis.

41.     Defendant unlawfully terminated Plaintiff's employment because he took leave in accordance with the FFCRA.

## IV.     FIRST CAUSE OF ACTION -- Violation of the FLSA

42.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

43.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*

44.     At all times relevant to this Complaint, Defendant has been Plaintiff's "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

45.     At all times relevant to this Complaint, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

46.     29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to 40 each week and to pay 1.5x regular wages for all hours worked over 40 each week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

47.     At all times relevant times to this Complaint, Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA.

48.     Despite the entitlement of Plaintiff to overtime payments under the FLSA, Defendant failed to pay Plaintiff an overtime rate of 1.5x his regular rate of pay for all hours worked over 40 each week.

49.     Defendant's failure to pay Plaintiff all overtime wages owed was willful.

50.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three years prior to the filing of this Complaint.

**V.     SECOND CAUSE OF ACTION -- Violation of the FFCRA**

51.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

52.     Plaintiff asserts this claim for damages and declaratory relief pursuant to the FFCRA, 29 U.S.C. § 5101, et seq.

53.     At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the FFCRA, 29 U.S.C. § 5110(2).

54.     At all relevant times, Plaintiff was an "employee" within the meaning of the FFCRA, 29 U.S.C. § 5110(1).

55.     Section 5104 of the FFCRA prohibits employers from terminating the employment of an employee who takes leave in accordance with the FFCRA.

56.     Defendant terminated Plaintiff's employment because he took leave in accordance with the FFCRA.

57.     Defendant knew or should have known that its practices violated the FFCRA.

58.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary, and in bad faith.

59.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, reinstatement, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorney's fees as provided by the FFCRA.

## VI.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alfredo Alvarez respectfully prays as follows:

A.     That Defendant be summoned to appear and answer this Complaint;

B.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA and its related regulations;

C.      Judgment for damages for all unpaid overtime wage compensation owed under the FLSA and its related regulations;

D.      Judgment for liquidated damages pursuant to the FLSA and its related regulations;

E.      Judgment for damages suffered by Plaintiff for all unpaid wages under the FFCRA and its related regulations;

F.      Judgment for liquidated damages pursuant to the FFCRA and its related regulations;

G.      Reinstatement pursuant to the FFCRA and its related regulations;

H.      An order directing Defendant to pay Plaintiff a reasonable attorney's fee and all costs connected with this action; and

I.      Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**PLAINTIFF ALFREDO ALVAREZ**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Parkway, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, hereby certify that a true and correct copy of the foregoing First Amended and Substituted Complaint was electronically filed via the CM/ECF system, which will provide notice to the following attorneys of record for Defendant:

Talley R. Parker
talley.parker@jacksonlewis.com

Ethan J. Davis
ethan.davis@jacksonlewis.com

*/s/ Josh Sanford*
**Josh Sanford**